Arthur JONES, Plaintiff,

v.

NASSAU COUNTY SHERIFF DE-PARTMENT, Edward Reilly, Nassau County Sheriff, Health Care Medical Department, Defendants.

No. CV–02–6435(ADS)(MLO).

United States District Court,
E.D. New York.

Oct. 7, 2003.

Arthur Jones, Jamaica, NY, Plaintiff pro se.

Lorna B. Goodman, Nassau County Attorney's Office by Liora M. Ben–Sorek, Deputy County Attorney, Mineola, NY, for Defendants Nassau County Sheriff's Department and Edward Reilly.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This lawsuit attempts to convert a routine slip and fall into a case of constitution-

al dimensions. This action arises out of claims by the *pro se* plaintiff Arthur Jones (the "plaintiff" or "Jones"), a former inmate at the Nassau County Correctional Center (the "Correctional Center") proceeding *in forma pauperis,* against the defendants Nassau County Sheriff's Department (the "Sheriff's Department"), Nassau County Sheriff Edward Reilly ("Reilly"), and the Health Care Medical Department (the "Medical Department") (collectively, the "defendants"). The plaintiff asserts that the defendants failed to provide a rubber mat in or around the wet shower area at the Correctional Center, in violation of 42 U.S.C. § 1983, causing him to fall and injure his back, neck and shoulder. Presently before the Court is a motion by the Sheriff's Department and Reilly to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ("FED. R. CIV. P.").

## I. BACKGROUND

The facts are taken from the complaint unless otherwise noted. The plaintiff is an inmate at the Correctional Center. On or about October 18, 2002, the plaintiff slipped in the shower area at the Correctional Center injuring his back, neck and shoulder. The plaintiff alleges that he fell because the defendants failed to provide a rubber mat in the wet shower area. Ten days later, the plaintiff commenced this action.

The Sheriff's Department and Reilly now move to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6). In support of their motion they argue that the Court lacks subject matter jurisdiction because the complaint fails to allege personal involvement by the individual defendant; that the negligence claim is not a constitutional violation for purposes of Section 1983; that the plaintiff failed to allege municipal liability; and that the plaintiff failed to timely file his notice of claim in violation of New York State General Municipal Law § 50 *et seq.*

## II. DISCUSSION

### A. Standard of Review

The plaintiff alleges that the Court has subject matter jurisdiction over his claims pursuant to 42 U.S.C. § 1983. The Sheriff's Department and Reilly bring their motion to dismiss under Rules 12(b)(1) and 12(b)(6), arguing that the complaint fails to provide a basis for the Court's exercise of federal subject matter jurisdiction because it fails to state a federal question.

"Whether a federal court possesses federal-question subject matter jurisdiction and whether a plaintiff can state a claim for relief under a federal statute are two questions that are easily, and often, confused." *Carlson v. Principal Financial Group,* 320 F.3d 301, 305–06 (2d Cir.2003) (citing *Montana–Dakota Utilities Co. v. Northwestern Pub. Serv. Co.,* 341 U.S. 246, 249, 71 S.Ct. 692, 95 L.Ed. 912 (1951)). If the basis for subject matter jurisdiction is also an element of the plaintiff's asserted federal cause of action, "[the court will] ask only whether—on its face—the complaint is drawn so as to seek recovery under federal law. If so, then we assume or find a sufficient basis for jurisdiction, and reserve further scrutiny for an inquiry on the merits." *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir.1996). Here, on its face, the complaint seeks relief under Section 1983, and the Sheriff's Department and Reilly attack the sufficiency of the plaintiff's claims. As such, the Court will assume subject matter jurisdiction and evaluate the merits of the plaintiff's claims under Rule 12(b)(6).

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court should dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his complaint which would entitle him to relief. *King v. Simpson,* 189 F.3d 284, 287 (2d Cir.1999); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Koppel v. 4987 Corp.,* 167 F.3d 125, 128 (2d Cir.1999); *Jaghory v. N.Y. State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995). In addition, the Court must liberally interpret the complaint of a *pro se* plaintiff. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Williams v. Smith,* 781 F.2d 319, 322 (2d Cir.1986).

## B. Section 1983

Section 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983.

Thus, to state a claim under Section 1983, "a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Dwares v.*

*City of New York,* 985 F.2d 94, 98 (2d Cir.1993).

### 1. Personal Involvement

Although "a claim for relief under 42 U.S.C. § 1983 only need allege that some person acting under color of state law deprived the claimant of a federal right," *Green v. Maraio,* 722 F.2d 1013, 1016 (2d Cir.1983), it is well-settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir.1977); *see Sealey v. Giltner,* 116 F.3d 47, 51 (2d Cir.1997). A complaint based on a violation under Section 1983 that does not allege the personal involvement of the defendant is "fatally defective on its face." *Alfaro Motors, Inc. v. Ward,* 814 F.2d 883, 886 (2d Cir.1987) (internal quotations and citations omitted).

A defendant may be personally involved in a constitutional deprivation within the meaning of Section 1983 if he "directly participated in the infraction," or if he is a supervisory official, and he (1) failed to remedy the wrong after learning of the violation though a report or appeal; (2) created or continued a custom or policy under which unconstitutional practices occurred; or (3) was grossly negligent in managing subordinates who caused the unlawful condition or event. *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994) (citations omitted). The plaintiff fails to allege or indicate any personal involvement in his slip and fall by any Nassau County official or representative. The plaintiff neither alleges that Reilly directly participated in the alleged incident nor that he is liable as a supervisory official. *See id.* The plaintiff does not allege that Reilly or any other Nassau County official or representative was present in the shower area, was ever told or knew about the lack of mats in the

shower area, allowed any harmful policy regarding slippery floors to exist, or acted negligently in any way with regard to the officers he supervised. *See id.; see also Spencer v. Warden Sylvester,* No. 97 Civ. 5491, 1999 WL 61644, at *2 (E.D.N.Y. Feb. 2, 1999) (slip and fall claim not actionable under Section 1983). Accordingly, the Section 1983 claim against Reilly is dismissed.

## 2. Negligence Under Section 1983

■ Furthermore, the plaintiff's claim of negligence fails to rise to the level of a cognizable constitutional violation. *Davidson v. Cannon,* 474 U.S. 344, 347–48, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986) (plaintiff must show abusive conduct by government officials rather than mere negligence); *Daniels v. Williams,* 474 U.S. 327, 333, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) (Due Process Clause's protections are not triggered by a lack of due care by prison officials). As the Supreme Court stated in *Daniels:*

> We think that the actions of prison custodians in leaving a pillow on the prison stairs … are quite remote from the concerns [of the Due Process Clause]. Far from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that an injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law.

*Daniels,* 474 U.S. at 332, 106 S.Ct. 662.

Here, the alleged negligent act was the defendants' failure to remedy the wet shower area with rubber mats. These circumstances do not trigger the protections of the Fourteenth Amendment. *See id.; see also Spencer v. Warden Sylvester,* 1999 WL 61644, at *2. Accordingly, the plaintiff's slip and fall was not caused in any

manner by a cognizable constitutional violation.

## 3. Municipal Liability Under Section 1983

■ Section 1983 requires that, to bring a claim against a municipality, a plaintiff must show that his rights were violated in pursuit of a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dept. of Soc. Servs. of the City of New York,* 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Moreover, "local governments … may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's decision making channels." *Monell,* 436 U.S. at 691, 98 S.Ct. 2018.

■ The plaintiff may prove a municipal custom, policy or practice by showing that a municipal official with final policy-making authority directly committed or commanded the constitutional violation, *Monell,* 436 U.S. at 661 n. 2, 98 S.Ct. 2018; *Jeffes v. Barnes,* 208 F.3d 49, 61 (2d Cir. 2000); showing that a policy maker indirectly caused the misconduct of a subordinate municipal employee by acquiescing in a longstanding practice or custom which may fairly be said to represent official policy, *Monell,* 436 U.S. at 694, 98 S.Ct. 2018; *Jeffes,* 208 F.3d at 61; or showing that a municipal policymaker failed to adequately train their subordinates, if such failure amounts to "deliberate indifference" to the rights of the individuals who interact with the municipal employees. *City of Canton v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *DeCarlo v. Fry,* 141 F.3d 56, 61–62 (2d Cir.1998); *Ricciuti v. N.Y. City Transit Auth.,* 941 F.2d 119, 123 (2d Cir.1991). As stated above, in addition to the fact

that the plaintiff has not alleged any constitutional violation, the complaint does not allege that the plaintiff suffered a constitutional harm due to a municipal policy or custom. Accordingly, the motion to dismiss the Section 1983 claim against the Sheriff's Department is granted.

### C. State Law Negligence Claim

 In any event, even if the plaintiff were to properly allege a cognizable constitutional violation under Section 1983, the plaintiff's state law claim of negligence must be dismissed because the plaintiff failed to allege that he served a notice of claim on Nassau County pursuant to New York General Municipal Law § 50 *et seq.* *See* N.Y. GEN. MUN. LAW § 50–e(1)(a) (requiring that a notice of claim be made and served upon a public corporation within ninety days after a claim arises); N.Y. GEN. MUN. LAW § 50–i(1)(b) (requiring that the plaintiff pleads in his complaint or moving papers that at least thirty days have lapsed since the service of a notice of claim); *see also Mroz v. City of Tonawanda,* 999 F.Supp. 436, 451 (W.D.N.Y.1998) (untimely notice of tort claim barred negligence claim against city). Accordingly, the plaintiff's state law negligence claims are barred.

### D. Application of the Prisoner Litigation Reform Act

Under the provisions of 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, a district court must dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. *See id.* In this case, the complaint makes no viable allegation against the non-moving Medical Department; nor could there be a cause of action against this defendant. Accordingly, the Court *sua sponte* dismisses all of the claims against the Medical Department.

### E. Leave to Amend

Although the Court would generally grant the plaintiff leave to replead, here it is beyond doubt that the plaintiff will *not* be able to state facts to support a viable claim under federal law because a failure to remedy a wet shower area with rubber mats does not rise to the level of a constitutional deprivation. *See Pangburn v. Culbertson,* 200 F.3d 65, 70–71 (2d Cir. 1999) ("Futility is a valid reason for denying a motion to amend … where it is beyond doubt that the plaintiff can prove no set of facts in support of his amended claims.") (internal quotations and citation omitted). Accordingly, the complaint is dismissed with prejudice.

### III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED,** that the motion to dismiss all of the claims against the Sheriff's Department and Reilly is **GRANTED;** and it is further

**ORDERED,** that all of the claims against the Sheriff's Department and Reilly are dismissed with prejudice; and it is further

**ORDERED,** that the Court *sua sponte* dismisses all of the claims against the Medical Department with prejudice; and it is further

**ORDERED,** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**