**Robert THOMAS, Plaintiff,**

v.

**NASSAU COUNTY CORRECTIONAL CENTER, Nassau County Sheriff Edward Reilly, Individually and in His Official Capacity, Nassau County Corrections Officer & Grievance Coordinator Kenneth H. Williams, Individually and in His Official Capacity, Director of the Nassau County University Hospital, Individually and in His Official Capacity, and Nassau County, Defendants.**

**No. CV–01–7212(ADS)(ETB).**

United States District Court,
E.D. New York.

Oct. 28, 2003.

Robert Thomas, East Meadow, NY, Plaintiff Pro Se.

Lorna B. Goodman, Office of the Nassau County Attorney, Mineola, NY, By: David Goldin, Deputy County Attorney, for Defendants Nassau County Correctional Center, Edward Reilly, Kenneth H. Williams, and Nassau County.

Troy & Troy, Centereach, NY (Edward J. Troy, of Counsel), for the Defendant Director of the Nassau County University Hospital.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This action arises out of claims by the *pro se* plaintiff Robert Thomas (the "plaintiff" or "Thomas"), an inmate at the Nassau County Correctional Center (the "Correctional Center") proceeding *in forma pauperis*, against the Correctional Center, Nassau County sheriff Edward Reilly ("Reilly"), Nassau County corrections officer and grievance coordinator Kenneth H.

Williams ("Williams"), Nassau County (the "County") ("collectively the Nassau County defendants") and the director of the Nassau County University Hospital (the "director"). The plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that the defendants failed to adequately treat his injured hand. Presently before the Court is an unopposed motion by the Nassau County defendants to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ("Fed. R. Civ.P.").

## I. BACKGROUND

The facts are taken from the complaint filed on October 29, 2001 unless otherwise noted. As stated above, the plaintiff is an inmate at the Correctional Center. On or about June 5, 2001, the plaintiff injured his hand during recreational activity. The plaintiff was subsequently taken to the Correctional Center's medical treatment center (the "treatment center") where his hand was x-rayed. Several days later, because the pain in his hand continued, the plaintiff returned to the treatment center for additional medical treatment. During this second visit, the doctor told the plaintiff that his hand was "just swollen" and that it would be "alright."

The plaintiff alleges that for the next month and a half his pain continued. As such, he visited the treatment center on several occasions and was provided with over-the-counter pain medication. Thereafter, the plaintiff visited another doctor who ordered that x-rays, once again, be taken. The plaintiff was then told that he needed to see a hand specialist.

However, the plaintiff never had an opportunity to visit with a hand specialist. Rather, the plaintiff was seen by "Doctor Acosta" at the treatment center who allegedly told the plaintiff that "he did not believe [the plaintiff was] in pain, nor did

he care." The plaintiff subsequently filed a grievance with Williams, an officer and grievance coordinator at the Correctional Center.

On August 30, 2001, after the grievance committee heard the plaintiff's grievance, Williams informed the plaintiff that his hand would be examined and treated. However, on September 6, 2003, "Nurse Hinton" told the plaintiff that he would likely be released before an appointment could be set up with a hand specialist. The plaintiff maintains that as of September 17, 2001, the date of the complaint, he had not yet received medical treatment from the hand specialist.

The Nassau County defendants now move to dismiss the complaint pursuant to Rules 12(b)(6). In support of their motion they argue that the complaint fails to state a federal cause of action because the plaintiff's allegations, at most, allege medical malpractice which does not amount to an Eighth Amendment violation.

## II. DISCUSSION

### A. Standard of Review

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court should dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his complaint which would entitle him to relief. *King v. Simpson*, 189 F.3d 284, 287 (2d Cir.1999); *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir.1996). The Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Koppel v. 4987 Corp.*, 167 F.3d 125, 128 (2d Cir.1999); *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir.1997); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002). The issue is not whether a

plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995).

■ In addition, the Court must liberally interpret the complaint of a *pro se* plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Williams v. Smith*, 781 F.2d 319, 322 (2d Cir.1986). The Court should "read the pleadings of a *pro se* plaintiff liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (citations omitted). Nevertheless, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 92 (2d Cir.1983) (citations omitted).

**B. As to the Alleged Failure to State a Claim**

**1. Section 1983**

Section 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983.

■ Thus, to state a claim under section 1983, "a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States". *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir.1993).

■ Absent sufficient factual allegations that the intentional or reckless conduct of a state official caused the plaintiff's injury, a complaint is not cognizable under section 1983. *Daniels v. Williams*, 474 U.S. 327, 328–31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

**2. The Alleged Constitutional Violation**

■ The plaintiff asserts that he received inadequate medical care. Thomas does not specifically cite to the Eighth Amendment or the Fourteenth Amendment. However, the Court assumes that the plaintiff contends that the defendants violated his Eighth Amendment rights against cruel and unusual punishments or his rights under the Due Process Clause of the Fourteenth Amendment. While the Eighth Amendment protects incarcerated prisoners from cruel and unusual punishment in the form of inadequate medical care, the Due Process Clause of the Fourteenth Amendment protects pretrial detainees from inadequate medical care by the state. *See Bewry v. Hopkins*, No. 96–2829, 1997 WL 589683, at *1 (2d Cir.1997); *McKenna v. Wright*, No. 01 Civ. 6571, 2002 WL 338375, at *8 (S.D.N.Y. Mar.4, 2002). Here, the plaintiff does not indicate whether he has already been convicted of a crime or whether he is a pre-trial detainee. Nevertheless, regardless of the academic distinction between the Eighth and Fourteenth Amendments, "the standard for analyzing a pre-trial detainee's Fourteenth Amendment claim is the same as the Eighth Amendment standard." *Bourdon v. Roney*, No 99 Civ. 0769, 2003 WL 21058177, at * 10 (N.D.N.Y. Mar.6, 2003) (citing *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir.1996)).

■ To establish a constitutional claim of inadequate medical care, the plaintiff must prove "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The standard of deliberate indifference includes both objective and subjective components. First, the deprivation of care must objectively be "sufficiently serious." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir.1994) (citations omitted). Second, the facts must give rise to a reasonable inference that the persons charged with providing medical care knew of those serious medical needs and intentionally disregarded them. *Harrison v. Barkley*, 219 F.3d 132, 137 (2d Cir.2000); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998). However, negligence, even if it amounts to medical malpractice, does not constitute a constitutional violation. *Estelle*, 429 U.S. at 107, 97 S.Ct. 285.

In *Estelle*, the United States Supreme Court summarized cases in which prison officials were deliberately indifferent to the serious medical needs of prisoners. *Estelle*, 429 U.S. at 104 n. 10, 97 S.Ct. 285 (citing *Williams v. Vincent*, 508 F.2d 541 (2d Cir.1974) (doctor threw out a prisoner's ear and stitched together the stump); *Thomas v. Pate*, 493 F.2d 151, 158 (7th Cir.1974) (injection of penicillin with knowledge that prisoner was allergic and refusal of doctor to treat allergic reaction); *Martinez v. Mancusi*, 443 F.2d 921 (2d Cir.1970) (prison physician refuses to administer the prescribed pain killer and renders leg surgery unsuccessful by requiring prisoner to stand despite contrary instructions of surgeon)).

As set forth below, Thomas' complaint fails to allege that he suffered from a serious medical condition or that the defendants' treatment of his injury constitut-ed a conscious disregard of his medical condition.

### a. A Serious Medical Condition

■ A medical condition is objectively considered "serious" if it is a "condition of urgency" that may result in "degeneration" or "extreme pain." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir.1996) (citing *Nance v. Kelly*, 912 F.2d 605, 607 (2d Cir.1990)) (Pratt, J., dissenting). This includes not only conditions affecting the plaintiff's current health problems, but also those that are "very likely to cause serious illness and needless suffering" in the ensuing weeks, months or year. *Helling v. McKinney*, 509 U.S. 25, 33, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); *see also Liscio v. Warren*, 901 F.2d 274, 277 (2d Cir.1990) (condition must be life-threatening or fast-degenerating).

■ Here, Thomas alleges that he is in pain from an "injured hand." However, objectively speaking, an injured hand is not a serious enough condition to satisfy the first prong of the test. *See Rivera v. S.B. Johnson*, No. 95 Civ. 0845, 1996 WL 549336, at *2 (W.D.N.Y. Sept.20, 1996) ("Prison inmates suffering from ailments such as, *inter alia*, a toothache, a kidney stone and ... a broken finger have all been held to fail to satisfy the constitutional serious-medical-need standard"). Moreover, subjective complaints of pain are not sufficient to satisfy this standard. *Chatin v. Artuz*, No. 95 Civ. 7994, 1999 WL 587885, at * 3 (S.D.N.Y. Aug.4, 1999) ("[The plaintiff's] alleged problems in his right foot may indeed be very real. His pain is not, however, of the type contemplated for satisfaction of the objective standard"); *see also Rivera v. S.B. Johnson*, 1996 WL 549336, at *2 ("A broken finger, without more, simply does not present a condition of urgency of the type that may produce death, degeneration or ex-

treme pain which correspondingly merits constitutional protection"); *Sonds v. St. Barnabas Hosp. Correctional Health Servs.*, 151 F.Supp.2d 303, 311 (S.D.N.Y. 2001) ("cut finger, even where skin is ripped off, ... does not, as a matter of law, qualify as an injury severe enough to justify civil rights relief").

### b. Conscious Disregard of the Medical Condition

■ Even if the Court were to conclude that Thomas has set forth a sufficiently serious medical condition, the plaintiff fails to satisfy the second, subjective, prong of the deliberate indifference standard. To satisfy the second prong, the plaintiff must allege that the defendants "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety" and that they were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and ... also draw the inference." *Chance v. Armstrong*, 143 F.3d 698, 703 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)).

■ Here, the plaintiff alleges no such "deliberate" conduct by any of the defendants. *See Chatin v. Artuz*, 1999 WL 587885, at *2 (with respect to the subjective showing, prison officials are not liable if they responded reasonably to a known risk, even if the harm ultimately was not averted) (citations omitted). The plaintiff's allegations that the doctors initially mis-diagnosed and mistreated his injury do not rise to the level of a constitutional violation. *See Estelle v. Gamble*, 429 U.S. 97, 105–106, 97 S.Ct. 285, 50 L.Ed.2d 251 (a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment); *see also Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998).

Rather, the "question whether an [x]-ray—or additional diagnostic techniques or forms of treatment-is indicated is a classic example of a matter for medical judgment. A medical decision not to order an [x]-ray, or like measures does not represent cruel and unusual punishment. At most it is medical malpractice...." *Estelle*, 429 U.S. at 107, 97 S.Ct. 285. Thus, the plaintiff's complaint, at most, alleges a cause of action for medical malpractice which is clearly not a constitutional violation. *Id.* at 106, 97 S.Ct. 285 (medical malpractice does not become a constitutional violation merely because the victim is a prisoner).

■ Further, a delay in treatment does not violate the constitution unless it involves an act or failure to act that evinces "a conscious disregard of a substantial risk of serious harm." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) (citation omitted). The Second Circuit has "reserved such a classification for cases in which, for example, officials deliberately delayed care as a form of punishment, ignored a life threatening and fast-degenerating condition for three days, or delayed major surgery for over two years." *Espinal v. Coughlin*, 98 Civ. 2579, 2002 WL 10450, at *3 (S.D.N.Y. Jan.3, 2002) (citations omitted). Furthermore, even assuming that the plaintiff's treatment and/or his seeing a hand specialist was delayed, the plaintiff has not alleged that his hand injury became worse, or that his general condition deteriorated as a result of this delay.

Moreover, the plaintiff has not alleged any personal involvement by Reilly or the director, *see Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir.1993), nor has the plaintiff alleged that the County has a custom, policy or practice of indifference to prisoner's medical needs, as required by *Monell v. Dept. of Soc. Servs. of the City of New York*, 436 U.S. 658, 690, 98 S.Ct. 2018,

56 L.Ed.2d 611 (1978). However, there is no need to address either of these issues as the plaintiff has failed to allege (1) that his medical condition was objectively sufficiently serious or (2) that any Nassau County defendant was deliberately indifferent to such condition. Accordingly, the Nassau County defendants' motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction is granted.

### C. Application of the Prisoner Litigation Reform Act

 Under the provisions of 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, a district court must dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. *See id.* In this case, the plaintiff neither alleges personal involvement by the director nor does he make any viable allegations against the non-moving director. Accordingly, the Court *sua sponte* dismisses all of the claims against the director.

### D. State Law Claims

Having dismissed all of the plaintiff's federal claims, the Court will also dismiss any state law claims the plaintiff intended to bring pursuant to this Court's supplemental jurisdiction. *See Arroyo v. City of New York, et al.,* No. 99 Civ. 1458, 2003 WL 22211500, at * 3 (Sept. 25, 2003) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

### E. Leave to Amend

 Rule 15(a) of the Federal Rules of Civil Procedure states that a party shall be given leave to replead when justice so requires. A district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir.1991); *see also Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991) (it is the usual practice upon granting a motion to dismiss to allow leave to replead). The plaintiff must file his amended complaint within 30 days from the date of this order. Failure to file within this period of time will render the dismissal of those claims to be with prejudice.

### III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED**, that the motion to dismiss the claims against the Nassau County defendants is **GRANTED**; and it is further

**ORDERED**, that all of the claims against the Nassau County defendants are dismissed without prejudice; and it is further

**ORDERED**, that the Court *sua sponte* dismisses all of the claims against the director without prejudice; and it is further

**ORDERED**, that the plaintiff is granted leave to file an amended complaint within thirty days from the date of this order and that the failure to file within this time period will render the dismissal of all of the plaintiff's claims with prejudice; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case within thirty days of the date of this order if the plaintiff does not file an amended complaint.

**SO ORDERED.**